**CV 12 - 1163**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SUMMONS ISSUED**

------------------------------------------------------------X

JOHN HARKINS,

                Plaintiff,

**PLAINTIFF DEMANDS
A TRIAL BY JURY
COMPLAINT**

-against-

THE CITY OF NEW YORK and
THE NEW YORK CITY POLICE DEPARTMENT

**ROSS, J.
AZRACK, M.J.**

                Defendants,

------------------------------------------------------------X

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
2012 MAR -8 PM 3:14
FILED
CLERK

The plaintiff, above named, as and for his Complaint against the Defendants, by his attorneys, SILVERSTEIN & STERN, LLP, upon information and belief, respectfully alleges:

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. The provisions of Section 33 of the Merchant Marine Act of 1920, 46 U.S.C. §688, commonly known as the Jones Act, and all the statutes amendatory and supplemental thereto are applicable in this section.

2. The plaintiff is a citizen of the State of New York.

3. The defendant THE CITY OF NEW YORK is a municipal corporation with offices within the State of New York and City of New York and incorporated under the laws of the State of New York, having their principal place of business in the State of New York.

4. The defendant THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD") was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

SILVERSTEIN & STERN, LLP
ATTORNEYS AT LAW
40 FULTON STREET
7TH FLOOR
NEW YORK, NY 10038

(212) 385-1444
FAX (212) 385-7933

## AS AND FOR A FIRST CAUSE OF ACTION

5. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, (hereinafter, "CITY") was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and doing business in the State of New York.

6. The defendant THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD") was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

7. That upon information and belief, at all times hereinafter mentioned, the defendants owned and operated a certain vessel named Launch #8 used by the NYPD Harbor Patrol (hereinafter "the vessel") on which plaintiff was aboard at the time of the accident.

8. That at all times hereinafter mentioned, plaintiff, JOHN HARKINS, was employed by the NYPD Harbor Patrol as a Lieutenant Commander and, as such, was a seaman on the vessel.

9. That at all times hereinafter mentioned, the plaintiff was in the course of his employment with the defendants in his capacity as a member of the crew of the vessel.

10. That at all times hereinafter mentioned, the defendants managed, operated, controlled, inspected and repaired the aforesaid vessel, the Brooklyn Army Terminal and the slips therein.

11. That at all times hereinafter mentioned, the defendants had possession of the aforesaid vessel, its gear and equipment.

12. That at all times hereinafter mentioned, the defendants employed the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

13. That at all times hereinafter mentioned, the defendants provided the masters, officers, seamen, and other crew members comprising the crew of the aforesaid vessel.

14. That at all times hereinafter mentioned, there was imposed upon the defendants a duty and obligation to furnish and provide plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent crew.

15. That on or about July 7, 2009, while in the course of his employment with the defendant NYPD aboard the aforesaid vessel, owned and operated by defendants, plaintiff was caused to sustain serious injuries, when he slipped and fell from a defective ladder on the vessel without any fault on his part and wholly and solely by reason of the negligence, recklessness and carelessness of the defendants their agents, servants and/or employees, and by reason of their failure to provide plaintiff with a safe place in which to work, safe conditions in which to work, safe tools, ladders and equipment, and a competent master, officers and seamen.

16. That the defendants breached their duty to the plaintiff JOHN HARKINS, under 46 U.S.C. §688, otherwise known as the Jones Act.

17. As a result of the aforesaid, the plaintiff JOHN HARKINS, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; plaintiff was incapacitated from his usual vocation and avocation and has been caused to undergo medical care and attention all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)**.

### AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "17" inclusive with the same force and effect as if hereinafter set forth at length.

19. That at all times hereinafter mentioned, there was imposed upon the defendants a duty and obligation to furnish and provide plaintiff with a seaworthy vessel with safe ingress and egress, proper and sufficient tools, appliances, and ladders, and a safe and competent master, officers and seamen.

20. That on or about July 7, 2009, while in the course of his employment with defendants, the plaintiff, JOHN HARKINS, was aboard the aforesaid vessel, owned and operated by the defendants, and was caused to sustain serious injuries, without any fault on the part of the plaintiff, and wholly and solely by reason of the failure of the defendants, their agents, servants and/or employees, to provide plaintiff with a seaworthy vessel.

21.     As a result of the aforesaid, the plaintiff JOHN HARKINS was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to under medical care attention all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)**.

### AS AND FOR A THIRD CAUSE OF ACTION

22.     Plaintiff repeats, reiterates, and realleges each and every allegation contained herein above in paragraphs "1" through "22" inclusive with the same force and effect as if hereinafter set forth at length.

23.     Plaintiff JOHN HARKINS is entitled to maintenance, cure and medical expenses for the period that he was and will be disabled and unable to work in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)**.

**WHEREFORE,** plaintiff JOHN HARKINS, demands judgment against the defendant, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the First Cause of Action; in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the Second Cause of Action; and in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)** on the Third Cause of Action, together with costs and disbursements of this action.

Dated:  New York, New York
        March 1, 2012

Yours, etc.
**SILVERSTEIN & STERN, LLP**

By: _____
CLIFFORD J. STERN (4805)
*Attorneys for Plaintiff*
40 Fulton Street – 7th Floor
New York, NY 10038
(212) 385-1444

To:

THE CITY OF NEW YORK
One Center Street
New York, NY 10007